OPINION
{¶ 1} This is an appeal from a conviction after a bench trial in a county court of one count of assault in violation of R.C. 2903.13(A).
 {¶ 2} The victim, Lisa Haverstock, complained to police that on January 26, 2003, Defendant, Robert Rowland, her ex-boyfriend, struck her on the face some time between 9:00 and 9:30 p.m.
 {¶ 3} Defendant was charged with one count of assault in violation of R.C. 2903.13(A). He was convicted by the court and sentenced to 180 days confinement, mitigated by one day of jail time credit, 100 days suspended, and the remaining time served in an electronic home detention program with work release. He was fined $1,000, with $800 suspended plus costs. Defendant filed a timely notice of appeal.
First Assignment of Error
 {¶ 4} "The trial court's finding appellant guilty of assault was against the manifest weight of the evidence."
 {¶ 5} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences is the more believable or persuasive. See State v. Thompkins (1997), 78 Ohio St.3d 380. This court, in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the trier-of-fact lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.Id. We will not reverse a verdict when there is substantial evidence upon which a court could reasonably conclude that all elements of the offense have been proven beyond a reasonable doubt. See State v. Brown (1988),38 Ohio St.3d 305.
 {¶ 6} Haverstock testified that Rowland arrived at her home just before 9:00 on January 26 and struck her around 9:30 causing serious injury to her left eye and face. The Defendant's neighbor and ex-wife testified that he played cards at his neighbor's home until 9:30, and then called his ex-wife from his home sometime between 9:30 and 10:00. His ex-wife and the investigating officer both testified that the Defendant seemed calm that evening as though nothing unusual had happened.
 {¶ 7} The Defendant argues that the trial court gave the victim's testimony more weight than the inconsistences brought out on cross-examination would allow. He argues that Haverstock's written statement given to police on the night of the incident is inconsistent with her testimony at trial.
 {¶ 8} Haverstock's written statement claims that the Defendant struck her sometime around 9:00, but she testified that the assault occurred around 9:30. She was also inconsistent as to whether she told him she was dating another man at that time and whether the Defendant struck her with his arm or his fist. Defense counsel cross-examined Haverstock on the inconsistences between her written statement and her testimony.
 {¶ 9} The credibility of a witness and the weight to be given to their testimony are primarily matters for the trier-of-fact to resolve. Statev. DeHass (1967), 10 Ohio St.2d 230. In announcing its decision, the trial court noted that the victim was unsure of the exact time of the assault and as to which part of the Defendant's body struck her face. However, it is the court, as trier-of-fact, that was in the best position to give her testimony the proper weight. Id. Here, the court found the testimony of the State's witnesses persuasive despite any inconsistences or contradictions.
 {¶ 10} While not a weight of the evidence argument, Defendant also argues that he was prejudiced by the trial court's admission of eleven photographs of the victim's injuries taken two days after the assault. The photographs are all of the victim's face and show significant swelling and bruising around her left eye. The victim had the pictures taken on her own initiative and brought them with her to court the evening of trial. Defense counsel objected to their introduction, complaining that they had not been provided in the State's discovery. The trial court overruled his objection, but provided defense counsel with the opportunity to review the pictures prior to cross-examination.
 {¶ 11} Defendant argues on appeal that the surprise entry of the photographs prevented him from securing an expert witness to contradict the cause of injury depicted in the photographs. However, he failed to move for a continuance to secure such a witness at trial.
 {¶ 12} Trial courts have broad discretion with respect to the admission or exclusion of evidence and, decisions in such matters will not be disturbed by a reviewing court absent an abuse of that discretion that has caused material prejudice. State v. Noling (2002),98 Ohio St.3d 44, 2002-Ohio-7044. An abuse of discretion means more than a mere error in judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 13} It is the Defendant's burden to show prejudice by the admission of the photographs. Because he claims that the prejudicial harm he suffered was an inability to secure expert witness testimony, the Defendant's only remedy would have been to move for the necessary continuance. See State v. Howard (1978), 56 Ohio St.2d 328, 333. Having failed to do so, he waived the issue and may not argue on appeal that he was prejudiced by the court's ruling. City of Dayton v. Moser (September 11, 1998), Motgomery App. No. 16773.
 {¶ 14} Defendant also asserts that the prosecutor failed to lay a proper foundation for the photographs. Evid.R. 901(B)(1) allows a witness to lay the proper foundation and testify to the authenticity of the contents of a photograph. Here, the victim testified that she asked a friend to take the photos of her and that the photos were a fair and accurate depiction of her injuries two days after the assault. We find the court did not abuse its discretion in admitting the photographs of the victim's injuries. Noling, supra.
 {¶ 15} Because there is evidence in the form of the victim's testimony and the photographs upon which the court could reasonably conclude that all elements of assault were proven beyond a reasonable doubt, we find that the judgement was not against the weight of the evidence. Brown,supra.
 {¶ 16} The first assignment of error is overruled.
Second Assignment of Error
 {¶ 17} "The trial court's finding appellant guilty of assault was against the manifest weight of the evidence and was a manifest miscarriage of justice because appellant clearly established an alibi for the time of the alleged assault."
 {¶ 18} Defendant states on page seven of his appellate brief that "if the court believed the inconsistent evidence presented by the State, ithad to believe the alibi witness as that evidence was consistent and not contradicted." (Emphasis Added) The trial court was under no such obligation.
 {¶ 19} Defendant argues that circumstantial evidence proves he could not have been at Haverstock's house at the time she claimed the assault took place in her initial police report. His alibi is based on testimony that he was playing cards at a neighbor's from 8:00 until 9:30, went home to make a phone call to his ex-wife which ended at some time before 10:00, and proceeded to the video store where he was contacted by cell phone between 10:15 and 10:30. Haverstock testified that the assault occurred at her home sometime between 9:30 and 10:00.
 {¶ 20} It is the State's burden to prove beyond a reasonable doubt that the accused was at the place where the crime was committed and actually committed the offense. An assertion by the accused of an alibi does not change that burden of proof. Rather, any doubt raised by the accused's assertion goes to the weakness of the State's case.
 {¶ 21} The trier of fact is in the best position to give each witnesses' testimony its proper weight. DeHass, supra. Defendant offered testimony from his neighbor and his ex-wife to contradict the State's evidence. While the testimony may have created a weakness in the State's case, the court was not obligated to accept that testimony and sustain the Defendant's alibi claim.
 {¶ 22} Because there is evidence on the record to establish that the defendant was at the time and place where the assault occurred, we hold that the conviction is not against the manifest weight of the evidence.Brown, supra.
 {¶ 23} The second assignment of error is overruled.
 {¶ 24} The assignments of error are overruled and the judgment of the trial court will be affirmed.
Donovan, J. And Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.