OPINION
{¶ 1} Defendant-appellant, Gary Benson, appeals his conviction and sentence in the Butler County Court of Common Pleas. We affirm appellant's conviction, but vacate and remand his sentence.
 {¶ 2} Appellant was indicted on one count of tampering with evidence, a third-degree felony, and one count of gross abuse of a corpse, a fifth-degree felony, for his involvement in events surrounding the attempted cover-up of Jeffrey Watson's murder in December 2003. On or about December 16, 2003, appellant, along with co-defendant Anthony Ruffin, witnessed Cardale Goens shoot Watson in Goens and Ruffin's apartment. Watson's body lay on the floor of the apartment for two days while the three planned to dispose of the body and all evidence related to the crime.
 {¶ 3} Collectively, appellant, Ruffin, and Goens obtained a van to transport the body to a field near the Butler-Preble County line; purchased a tarp, tape and rope to wrap the body; disposed of the body in a field; set it on fire; and used a hammer to dismember the body and remove the teeth from it in order to disperse to various locations any identifying body parts. Within the apartment, appellant and his co-defendants cleaned the blood from the floor, removed carpet and other blood-stained items including clothes, and disposed of evidence that exhibited gun shots had been fired.
 {¶ 4} At a jury trial, appellant was found guilty of both counts. The trial court imposed the maximum prison sentences of five years for tampering with evidence and one year for the gross abuse of a corpse. The court ordered that the sentences be served consecutively. Appellant now appeals raising four assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ADMITTED CERTAIN LETTERS INTO EVIDENCE."
 {¶ 7} Appellant contends the trial court erred when it admitted into evidence a letter he had written, arguing that he was prejudiced by the late disclosure of the document. He also claims that the letter was improperly obtained and identified. The letter contained coded remarks implicating the author's participation in the cover-up of Watson's death.
 {¶ 8} The letter at issue, postmarked June 22, 2004, appeared to be written by a Lateef Stewart, a cellmate of appellant. The intended recipient of the letter was a Steve Corbin, a former cellmate of Goens. However, after Stewart received a number of letters marked "return to sender," none of which he had personally written, Stewart reported the incident to prison authorities and provided them with two letters including the June 22 correspondence.
 {¶ 9} On or around August 2, 2004, Lieutenant Michael Craft of the Butler County Sheriff's office received the letters. Stewart believed that appellant was responsible, but he could not confirm the letters' origin. Lt. Craft further identified the June 22 letter's subject matter as relating to the Watson murder. On August 5, Craft provided the prosecution with a photocopy of the letter.
 {¶ 10} On August 9, the day before trial, Lt. Craft was reviewing the Watson case file. The letter, still unidentified, lay face down upon his desk. Appellant, in a matter unrelated to the present case, was called into Craft's office. At the end of the meeting, appellant identified the letters as his own and asked how Craft obtained them. It was approximately 3:00 P.M.
 {¶ 11} Around 5:00 P.M., the prosecutor was notified that appellant adopted the letters as his own. The prosecutor attempted to contact appellant's trial counsel that evening. The prosecutor called counsel's office, residence, and mobile phone numbers. He left messages detailing the information received at all three numbers and provided his own mobile phone number. Appellant's trial counsel did not return the calls.
 {¶ 12} On August 10, just before trial was set to begin, appellant's trial counsel received copies of the letters. At a pretrial hearing, he objected to the letters' admission arguing against the state's late disclosure. He did not move to continue.
 {¶ 13} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Noling,98 Ohio St.3d 44, 2002-Ohio-7044, ¶ 43. Absent an abuse of discretion, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. State v. Issa,93 Ohio St.3d 49, 64, 2001-Ohio-1290. Crim.R. 16(B)(1)(a) provides that the following is discoverable material:
 {¶ 14} "Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:
 {¶ 15} "(i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof; * * *"
 {¶ 16} We find that the trial court did not err when it admitted the letter into evidence. Lt. Craft notified the prosecutor within two hours after Benson identified the letters as his own. The prosecutor attempted to call appellant's counsel that same evening at multiple locations and left a phone number at which he could be reached. There was no discovery violation because the state satisfied its continuing duty to disclose.
 {¶ 17} Appellant argues that he was prejudiced because the late discovery prevented him from reviewing the letter, comparing handwriting, or issuing a subpoena to Stewart to testify as to the letters' origins. However, appellant later testified that he, himself, composed the letters. He knew of their existence prior to the state's awareness. If additional time to prepare was needed, appellant's appropriate remedy would have been to move for the necessary continuance. See State v. Rowland, Montgomery App. No. C.A. 20625, 2005-Ohio-3756, ¶ 13, citing State v.Howard (1978), 56 Ohio St.2d 328, 333. Because he failed to do so, appellant waived the issue and may not now argue that he was prejudiced by the court's ruling.
 {¶ 18} Appellant's argument that the letter was improperly obtained is without merit. Appellant volunteered the information to Lt. Craft without prompting. Accordingly, the first assignment of error is overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT INSTRUCTED THE JURY THAT HE WAS CHARGED WITH COMPLICITY IN COMMITTING THE UNDERLYING OFFENSES AND THAT HE COULD BE CONVICTED IF HE SOLICITED OR PROCURED ANOTHER TO COMMIT THE OFFENSES."
 {¶ 21} Appellant argues that the trial court improperly gave the jury a complicity instruction. Appellant alleges that his due process rights were violated because he did not have notice that he could be convicted under the complicity statute when he was charged only as the principal actor.
 {¶ 22} R.C. 2923.03 states in pertinent part the following:
 {¶ 23} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 24} "(1) Solicit or procure another to commit the offense;
 {¶ 25} "(2) Aid or abet another in committing the offense;
 {¶ 26} "(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
 {¶ 27} "* * *
 {¶ 28} "(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. Acharge of complicity may be stated in terms of this section, orin terms of the principal offense." (Emphasis added.)
 {¶ 29} Because the clear and unambiguous language of R.C.2923.03(F) states that a charge of complicity may be stated in the indictment in terms of complicity or in terms of the principal offense, it is inconsequential that a defendant is indicted and prosecuted for the principal offense rather under the complicity statute. State v. Tumbleson (1995),105 Ohio App.3d 693, 697. If the evidence presented at trial could reasonably be found to have proven the defendant's guilt as an aider and abettor, a jury instruction on complicity is proper.State v. Perryman (1976), 49 Ohio St.2d 14, paragraph five of the syllabus; State v. Barnes, Franklin App. No. 04AP-1133,2005-Ohio-3279, ¶ 32, citing State v. Dotson (1987),35 Ohio App.3d 135.
 {¶ 30} We find that the jury instruction on complicity was proper. In addition to the evidence presented supporting that appellant was the principal offender, there was also evidence at trial that he helped Goens and Ruffin clean blood from the scene of Watson's murder, secured Watson's body in a tarp, transported the corpse, purchased new clothes to change into after destroying the clothes sullied in the disposal of the corpse, dismembered the corpse, and burned it.
 {¶ 31} Appellant argues that he was prejudiced by the lack of notice as to the complicity charge because his affirmative defense of duress was premised on the fact that he was charged as a principal. However, appellant was actually notified that he could be charged with complicity prior to trial. On August 2, the state filed a supplemental bill of particulars which stated the following:
 {¶ 32} "The defendant, Gary Benson, procured, solicited, aided and abetted and conspired pursuant to 2923.03 of the O.R.C., with Anthony Ruffin and Cardale Goens to dispose of the body and all evidence related to these crimes."
 {¶ 33} Furthermore, appellant suffered no prejudice because duress is a legitimate defense to most crimes. See State v.Sappienza (1911), 84 Ohio St. 63. Thus this defense could have been successfully used to rebut the criminal charge of complicity regarding tampering with evidence or gross abuse of corpse. Any speculation as to an alternative defense strategy on appellant's part remains pure conjecture. Accordingly, the second assignment of error is overruled.
 {¶ 34} Assignment of Error No. 3:
 {¶ 35} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT WOULD NOT PERMIT TESTIMONY OR EVIDENCE REGARDING THE TAPED STATEMENTS OF A CO-DEFENDANT."
 {¶ 36} Appellant argues that the trial court erred when it excluded taped statements that Goens gave to detectives. The court also excluded testimony from an interviewing detective regarding Goens' statements. Appellant contends that the evidence was admissible within the statement against interest hearsay exception pursuant to Evid.R. 804(B)(3).
 {¶ 37} Evid.R. 804(B)(3) provides that a statement against interest is not excluded by the hearsay rule if the declarant is unavailable as a witness. Evid.R.804(B)(3) defines the statement against interest exception as follows:
 {¶ 38} "A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."
 {¶ 39} A decision whether to admit the hearsay statement of an unavailable declarant pursuant to Evid.R. 804(B)(3) is within the discretion of the trial court. State v. Sumlin,69 Ohio St.3d 105, 1994-Ohio-508, syllabus. In Chambers v. Mississippi
(1973), 410 U.S. 284, 93 S.Ct. 1038, the United States Supreme Court listed four factors used to determine the trustworthiness of statements made against an unavailable declarant's penal interest: (1) the spontaneity of the statements; (2) whether the statements are corroborated by other evidence; (3) whether the statements are self-incriminating and against penal interest; and (4) whether the declarant was available for cross-examination by the opposing party. Sumlin at 110, citing Chambers,410 U.S. at 300-301.
 {¶ 40} Here, Goens was an unavailable declarant because he invoked his privilege against self-incrimination under theFifth Amendment to the United States Constitution. Goens' statements detailing the events surrounding the murder of Watson and the disposal of his corpse were against his own penal interest. His account of the events were corroborated by the testimony at trial. The statements were properly admissible as a hearsay exception.
 {¶ 41} However, we conclude that exclusion of Goens' statements constitutes harmless error. There was no reasonable probability that the error contributed to appellant's conviction. See State v. Bayless (1976), 48 Ohio St.2d 73, 106. Appellant suffered no prejudice by the exclusion of these statements. On the contrary, the statements describe appellant's participation and actually inculpate him of both offenses as either a principal offender or an aider and abettor. The statements contain no evidence that would support appellant's duress defense. Accordingly, the third assignment of error is overruled.
 {¶ 42} Assignment of Error No. 4:
 {¶ 43} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT SENTENCED HIM TO A MAXIMUM TERM IN PRISON WITHOUT THE REQUISITE FINDINGS OF FACT."
 {¶ 44} Appellant argues that the trial court did not comply with Ohio felony sentencing statutes and State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, when it imposed two maximum prison terms without making the necessary findings.
 {¶ 45} R.C. 2929.14(C) states that a trial court may impose the maximum term of imprisonment only "upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." R.C. 2929.19(B)(2)(d) requires a trial court to make a finding that gives its reasons underlying its decision to impose a maximum sentence. See Edmonson at 328-29. These findings and reasons must be stated on the record at the sentencing hearing. See State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165.
 {¶ 46} At the sentencing hearing, the trial court detailed appellant's lengthy prior criminal record. The court also noted the severity of the corpse's destruction and the multiple occasions in which appellant dismembered the body to dispose of the various parts. The court then stated the following with respect to necessary findings:
 {¶ 47} "This Court is making a finding that the shortest prison term would demean the seriousness of the defendant's conduct, and that the shortest prison term would not adequately protect the public from future crime by the defendant and others, and this justifies more than the minimum sentence.
 {¶ 48} "The Court is making a further finding that consecutive sentences are necessary to protect the public from future crime or to punish the defendant not disproportionate to the seriousness of the defendant's conduct, and the danger that the defendant poses to the public. And the court is making a further finding that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant."
 {¶ 49} The trial court, as required, made the proper findings to impose a non-minimum sentence and to order that the sentences be served consecutively. However, the trial court did not make any R.C. 2929.14(C) findings to impose a maximum sentence, namely that appellant committed the worst form of the offense or that he posed the greatest likelihood of committing future crimes. Furthermore, the trial court's judgment entry is deficient with respect to these findings.
 {¶ 50} After the trial court stated its reasons and findings for the imposition of a more than the minimum and consecutive sentences, the court described appellant's right of appeal. Had the trial court invited participation from both the state and trial counsel as to whether the aforementioned findings were adequate for the sentence imposed, the failure to make these findings could have been averted. See State v. Fields, Butler App. No. 2005-03-067, 2005-Ohio-6270. As the case stands now, however, the trial court did not make the necessary findings to impose maximum sentences. Accordingly, the fourth assignment of error is sustained.
 {¶ 51} Appellant's conviction is affirmed. We vacate his sentence and remand the cause to the trial court for further proceedings according to law and consistent with this opinion.
Walsh and Young, JJ., concur.