THE STATE EX REL. BROWN *v.* LEMMERMAN, SUPT.

[Cite as *State ex rel. Brown v. Lemmerman*,

**124 Ohio St.3d 296, 2010-Ohio-137.]**

*Public schools — Mandamus to compel release of pupil records to nonresidential parent — R.C. 3319.321(B)(5)(a).*

(No. 2009-0948 — Submitted December 16, 2009 — Decided January 26, 2010.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an action for a writ of mandamus to compel a school district superintendent to provide copies of school records relating to certain children. Because relator has met his burden under the statute, we grant the writ.

**Facts**

*Requests for School Records*

{¶ 2} Relator, Frank C. Brown Jr., is currently serving a 15-year prison term. Respondent, Cynthia A. Lemmerman, is the superintendent of Fostoria Community Schools. In September 2006, in his first records request, Brown requested that the superintendent provide him with copies of all school records relating to the following five children: Whitney Lynn Marie Boone, Frank Christopher Brown IV, Caleb Michael Brown, Garrett Neal Brown, and Alicia Kay Elaine Brown. Brown claimed that they are his children. A few days later, Lemmerman responded to Brown's request by providing him with all records held by the school district board of education relating to Whitney Lynn Marie Boone and Frank Christopher Brown IV from the date of their enrollment until their withdrawal from Fostoria Community Schools in 1997. Lemmerman also advised Brown that no records existed for the remaining three children and that Frank

Christopher Brown IV and Caleb, Garrett, and Alicia Brown were enrolled in the Lakota School District.

{¶ 3} Brown then requested records related to the open enrollment of the children in the Lakota School District and contact information for that school district, and Lemmerman provided him with the requested records and information.

{¶ 4} Sometime after Brown's 2006 records requests were made, Frank Christopher Brown IV, Caleb Michael Brown, Garrett Neal Brown, and Alicia Kay Elaine Brown became enrolled in Fostoria Community Schools. The school district's records were conflicting as to whether Brown was the father of the children. For example, a copy of the birth certificate for Frank Christopher Brown IV named Frank C. Brown III as his father instead of relator – Frank C. Brown Jr. Caleb's permanent record named Mark Collins as his father, and some records relating to Garrett and Alicia indicated that their father's name was simply Frank Brown.

{¶ 5} In July 2008, Brown requested that Lemmerman provide him with copies of school records relating to Frank Christopher Brown IV and Caleb, Garrett, and Alicia Brown. Brown claimed that he was requesting these records pursuant to the Family Educational Rights and Privacy Act ("FERPA"), Section 1232g, Title 20, U.S.Code, and R.C. 3319.321(B)(5)(a) and 3109.05(H)(1).[1] But this time, Lemmerman did not respond to Brown's request, because she felt that her duty to do so was unclear, given the conflicting evidence concerning his paternity of the children.

{¶ 6} Brown then sent a letter reiterating his records request and threatening Lemmerman by stating, "I suggest you speak to Lakota Superintendent, Rebecca Heimlich and see what I will do. Please do not make me

---

1. R.C. 3109.05(H)(1) does not exist.

involve the U.S. Dept. of Educ. I will expect all records held by this district in one week." The school district requested that Brown cease his correspondence. The prison ordered Brown to stop corresponding with or contacting the school district.

*Mandamus Case*

{¶ 7} In May 2009, Brown filed this action for a writ of mandamus to compel Lemmerman to provide him with copies of the requested records relating to Frank Christopher Brown IV, Caleb Michael Brown, Garrett Neal Brown, and Alicia Kay Elaine Brown. Brown claimed entitlement to the writ based on R.C. 3319.321(B)(5)(a), the Fourteenth Amendment to the United States Constitution, and the equal-protection and due-process provisions of Sections 2 and 16, Article I of the Ohio Constitution. After Lemmerman filed an answer, we granted an alternative writ. 122 Ohio St.3d 1500, 2009-Ohio-4233, 912 N.E.2d 106. The parties submitted evidence and briefs.

{¶ 8} This cause is now before us for consideration of the merits.

**Legal Analysis**

{¶ 9} Brown claims entitlement to a writ of mandamus to compel the superintendent to provide copies to him of the school records of four children. To be entitled to the writ, Brown must establish a clear legal right to the requested records, a corresponding clear legal duty on the part of Lemmerman to provide them, and the lack of an adequate remedy in the ordinary course of the law. *Turner v. Eberlin*, 117 Ohio St.3d 381, 2008-Ohio-1117, 884 N.E.2d 39, ¶ 6. In his complaint, Brown cited R.C. 3319.321(B)(5)(a) as well as federal and state constitutional provisions to support his mandamus claim.

{¶ 10} R.C. 3319.321(B)(5)(a) provides:

{¶ 11} "A parent of a student who is not the student's residential parent, upon request, shall be permitted access to any records or information concerning

the student under the same terms and conditions under which access to the records or information is available to the residential parent of that student * * *."

{¶ 12} This statute does not confer any rights on nonparents to public school records of children. At the time the superintendent refused relator's requests for these records, she may not have erred, because she was unsure *then* whether relator was a parent of the children. Now, however, given relator's affidavit and additional documentation, this court holds that relator *has now* sufficiently met his burden under R.C. 3319.321(B)(5)(a) so as to be entitled to a writ compelling the production of these records. "[I]n mandamus actions, a court is not limited to considering the facts and circumstances at the time a proceeding is instituted but should consider the facts and conditions at the time it determines whether to issue a peremptory writ." *State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. State Emp. Relations Bd.*, 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 54.

{¶ 13} Relator has submitted copies of court entries naming him as the father of the four children in question. Prior to his 2003 incarceration, relator was designated as the emergency temporary residential parent and legal custodian of Christopher, Caleb, Garrett, and Alicia on September 19, 2001, in an order correctly stating his name as Frank C. Brown Jr. After a hearing, the trial court found that relator and the mother of the children were the parents of the four children in question and reaffirmed its prior designation of relator as the temporary residential parent of the four children.

{¶ 14} Therefore, notwithstanding the inconsistencies in the form of relator's name as it appears in various documents in this case, we hold that relator has presented sufficient evidence in his affidavit and attached records to establish that he has met his burden under the statute in question. Accordingly, we hold that Brown has established a clear legal right to the requested records and the

superintendent has a clear legal duty to give copies of the requested records to Brown.

{¶ 15} In his complaint, Brown also cited federal and state constitutional provisions as an alternate basis for the issuance of the writ. But he did not cite these provisions in his 2008 records requests, and he did not include any argument concerning them in his brief. Therefore, we need not address this claim. *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 26 (court need not address claim for writ of mandamus that was raised in complaint but was not specifically argued in merit brief).

{¶ 16} Finally, insofar as Brown asserts in his merit brief that the superintendent's evidence was improperly sealed, we subsequently granted the superintendent's motion to maintain her affidavit under seal.

### Conclusion

{¶ 17} Therefore, Brown has established a clear legal right to the requested records as well as a clear legal duty on the part of the superintendent to provide them. Accordingly, we grant the writ.

Writ granted.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Frank C. Brown Jr., pro se.

Spengler Nathanson, P.L.L., Joan C. Szuberla, and Teresa L. Grigsby, for respondent.

_____