THE STATE EX REL. DEHLER, APPELLANT, *v.*

SPATNY, DEPUTY WARDEN, ET AL., APPELLEES.

[Cite as *State ex rel. Dehler v. Spatny,* 127 Ohio St.3d 312, 2010-Ohio-5711.]

*Public records — R.C. 149.43 — Request by prisoner properly denied as overbroad.*

(No. 2010-1240 — Submitted October 13, 2010 — Decided December 1, 2010.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2009-T-0075, 2010-Ohio-3052.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment by the Court of Appeals for Trumbull County denying the writ sought by appellant, Lambert Dehler, for a writ of mandamus to compel appellees, the director of the Ohio Department of Rehabilitation and Correction and various officials and employees of the Trumbull Correctional Institution, to provide him with access to all the records of the prison quartermaster's orders for and receipt of clothing and shoes for a period of over seven years.

{¶ 2} For the following reasons, the court of appeals properly denied the writ.

{¶ 3} First, as the court of appeals held, by requesting all of the records relating to the quartermaster's orders for and receipt of clothing and shoes for a period of over seven years, Dehler's request was overbroad because he sought what amounted to a "complete duplication" of the quartermaster's records. 2010-Ohio-3052, ¶ 23. "In identifying the records at issue, the Public Records Act 'does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government agencies.' " *State ex rel. Glasgow v.*

*Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 17, quoting *State ex rel. Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 624, 640 N.E.2d 174.  Although the prison officials met with Dehler to attempt to help him narrow his request, the meeting was not successful, and Dehler filed his mandamus claim based on his original request.

{¶ 4}  Second, when a prison official met with Dehler to provide him with an opportunity to revise his request, the official informed him that the prison would be willing to give him copies of all the requested records once he prepaid the cost of the copies, but Dehler refused.  R.C. 149.43(B)(1), which provides that "upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time," authorizes a public office to require the prepayment of costs before providing copies of public records.  See *Warren Newspapers*, 70 Ohio St.3d at 624-625, 640 N.E.2d 174 (right to request copies of public records, as opposed to the right to inspect them, is conditioned on the payment of the actual cost of copying the records); see also *State ex rel. Call v. Fragale*, 104 Ohio St.3d 276, 2004-Ohio-6589, 819 N.E.2d 294, ¶ 6 ("R.C. 149.43 does not require a public-records custodian to provide copies of records free of charge; instead, the Public Records Act requires only that copies of public records be made available at cost").

{¶ 5}  Finally, insofar as Dehler requested to inspect the records in addition to merely requesting copies of them, the prison officials submitted evidence that granting that request might have unreasonably interfered with the discharge of their duties.  See *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland* (1988), 38 Ohio St.3d 79, 81, 526 N.E.2d 786 (recognizing that the rule that people can inspect public records at any time is subject to the limitation that the inspection not endanger the safety of the record or unreasonably interfere with the duties of the custodian).  These concerns are particularly compelling in the

prison setting when an inmate wishes to inspect records. See *Briscoe v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-1109, 2003-Ohio-3533, ¶ 16 ("With respect to penal institutions, prison administrators must be accorded deference in adopting * * * policies and practices to preserve internal order and to maintain institutional security"). Ultimately, Dehler's request to personally inspect the records was rendered moot when he was transferred from the prison during the pendency of the proceedings before the court below. See *State ex rel. Brown v. Lemmerman*, 124 Ohio St.3d 296, 2010-Ohio-137, 921 N.E.2d 1049, ¶ 12 (in mandamus cases, the court shall consider facts and conditions after the case is filed when it rules on the writ).

**{¶ 6}** Based on the foregoing, because Dehler did not establish his entitlement to the requested extraordinary relief in mandamus, we affirm the judgment of the court of appeals denying the writ.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., dissents.

————————————

**BROWN, C.J., dissenting.**

**{¶ 7}** I respectfully dissent from the judgment affirming the denial of the writ of mandamus to compel appellees to provide appellant, Lambert Dehler, with access to records of the prison quartermaster's orders for and receipt of clothing and shoes for a specified period of time.

**{¶ 8}** In his appeal, Dehler asserts that the court of appeals erred in denying the writ. The court of appeals' *sole basis* for denying the writ was that Dehler's request for records was improper because it was overbroad.

**{¶ 9}** " '[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.' "

*State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 29, quoting *State ex rel. Fant v. Tober* (Apr. 28, 1993), Cuyahoga App. No. 63737, 1993 WL 173743, *1, affirmed (1993), 68 Ohio St.3d 117, 623 N.E.2d 1202. "In identifying the records at issue, the Public Records Act 'does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government agencies.' " *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 17, quoting *State ex rel. Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 624, 640 N.E.2d 174.

{¶ 10} In assessing the propriety of Dehler's request, it should be noted that he clarified it several times in an attempt to accommodate appellees' objections before he instituted his mandamus case. See R.C. 149.43(B)(2) ("If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public officer or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request but shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or the person's duties"). Dehler's request, as clarified, was for access to records of the Trumbull Correctional Institution quartermaster's ordering and receipt of state-issued clothing and shoes for the three years before the first request.

{¶ 11} For the following reasons, Dehler's records request was sufficiently specific and not overbroad.

{¶ 12} First, Dehler's request was expressly directed toward certain records held by a specific prison official – the Trumbull Correctional Institution quartermaster – covering limited subjects – the ordering and receipt of state-

issued clothing and shoes – for a definite period of time – the three years prior to the request. Prison officials and employees could reasonably identify exactly what records were being requested by Dehler. There was no ambiguity. See, e.g., *Morgan*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 38.

{¶ 13} Second, Dehler did not ask for a "complete duplication" of the quartermaster's files. There is no credible evidence that the prison quartermaster's records of clothing and shoe orders constituted all or nearly all of his records or that they were voluminous. Indeed, neither appellees in this case nor the majority cites any evidence to the contrary. This case is thus distinguishable from *Glasgow*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 19, in which we held that a public-records request was overbroad when it sought all of a state representative's work-related messages and correspondence during her entire tenure in office, and from *State ex rel. Zauderer v. Joseph* (1989), 62 Ohio App.3d 752, 756, 577 N.E.2d 444, in which a court of appeals held that a request that a police chief, county sheriff, and highway patrol superintendent provide access to "all traffic reports" was unreasonable in scope.

{¶ 14} Third, the mere fact that a request may encompass a large number of records  or may require a lengthy period for the public-records custodian to search and review the records before permitting the requester to access them does not render the request defective. See *Warren Newspapers*, 70 Ohio St.3d at 624, 640 N.E.2d 174 (request to police chief for, inter alia, records of all internal investigations from 1988 to 1993 and all incident reports or traffic tickets written in 1992 not overbroad); *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 17 (broad scope of records request, which covered over 8,700 e-mails and over 74,000 pages of data, justified governor's office's decision to review the records to determine whether to redact exempt matter before producing them).

**{¶ 15}** Fourth, this construction is consistent not only with our precedent but also with our duties to "construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records." *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6.

**{¶ 16}** Finally, the unmistakable, albeit unstated, motivation for the majority's and the court of appeals' holdings in this case is that given Dehler's status as an inmate, finding in his favor here and in the related case of *State ex rel. Dehler v. Kelly*, 127 Ohio St.3d 309, 2010-Ohio-5724, __ N.E.2d __, would open the floodgates to a myriad of similar public-records requests and mandamus actions by inmates. But however noble the court's objective in attempting to stem the potential tide of this unwanted litigation, we have consistently held that public-records custodians and courts " 'cannot withhold public records simply because they disagree with the policies behind the law permitting the release of these records.' " *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 37, quoting *State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 54.

**{¶ 17}** Instead, " '[i]t is the role of the General Assembly to balance the competing concerns of the public's right to know and individual citizens' right to keep private certain information that becomes part of the records of public offices. The General Assembly has done so, as shown by numerous statutory exceptions to R.C. 149.43(B), found in both the statute itself and in other parts of the Revised Code.' " *WBNS TV*, at ¶ 36, quoting *State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.* (1992), 65 Ohio St.3d 258, 266, 602 N.E.2d 1159. In fact, the General Assembly has already specified the one circumstance in which inmates like Dehler are subject to heightened requirements in seeking public records – when the request concerns a criminal investigation or prosecution – by enacting

R.C. 149.43(B)(4) (now (B)(8)). See *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 14-16, applying former R.C. 149.43(B)(4). The request here does not seek records concerning a criminal investigation or prosecution; therefore, Dehler must be treated the same as any member of the public requesting access to the same records.

**{¶ 18}** Therefore, the court of appeals erred in denying the writ of mandamus based on its conclusion that Dehler's request was overbroad. And because that court thus found it unnecessary to address the parties' other arguments concerning Dehler's entitlement to the writ, reversal and remand are appropriate for the court of appeals to resolve the issues that it did not reach because of its erroneous holding. Because the majority ignores our public-records precedent by affirming the judgment of the court of appeals, I dissent.

_____

Lambert Dehler, pro se.

Richard Cordray, Attorney General, and Ashley D. Rutherford, Assistant Attorney General, for appellee.

_____