[Cite as *Adams v. Parallel Emp. Group, Inc.*, 2020-Ohio-6766.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| HASAN ADAMS, et al. | : | |
| | : | |
| Relators-Appellants | : | Appellate Case No. 28845 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-6222 |
| | : | |
| PARALLEL EMPLOYMENT GROUP, INC. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Respondent-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of December, 2020.

. . . . . . . . . . .

SUSAN D. JANSEN, Atty. Reg. No. 0039995 and STEPHANIE G. SPANJA, Atty. Reg. No. 0077453, 111 West First Street, Suite 1100, Dayton, Ohio 45402
    Attorneys for Relators-Appellants

GARY JOHNSON, Atty. Reg. No. 0017482 and JONATHAN A. GOOD, Atty. Reg. No. 0065649,1301 East Ninth Street, Suite 1900, Cleveland, Ohio 44114
    Attorneys for Respondent-Appellee

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Relators-appellants, Hasan Adams, George Barbaresi, Don Bonner, Billy Brooks, Harry Calloway, Jr., Clara Cobb, Carlton Conwell, Chelsie Cooper, LaJewel Fitten, Stacey Franklin, Alex Freeman, Taiesha Green, Tiffany Haddix, Tanesha Hayes, Randall Hensley, Robert Hughes, Claudia Hunter, Ronald Hunter, Myron Lane, Brandi Lewis, Eva Makstutis, Patricia Matthews, Terrance Mitchell, Ayereon Morrow, Eric Muhlenkamp, Sandra Norman, Anissa Patrick, Natalie Payne, Shomari Payne, Deborah Rhoton, Benita Robinson, Patrick Robinson, Yetunde Rodriguez, Charlette Saddler, Paul Saine, Sr., Antwione Shackelford, Kenneth Smith, Billy Staten, Blake Taylor, Patrick Walugembe, Deon Weatherspoon, Daquilla White, Darnell White, Andrea Wilborn, Daunte Williams, Debra Wright and Delores Wright appeal from the trial court's judgment of June 16, 2020, in which the court dismissed their petition for a writ of mandamus against Respondent-appellee, Parallel Employment Group, Inc. ("Parallel"). Raising one assignment of error, Relators argue that the trial court erred by dismissing their petition because Parallel had a clear statutory obligation to them under R.C. 3319.10, which it failed to fulfill, and because they consequently have a clear right to relief against Parallel.

{¶ 2} We concur with the trial court's determination that Relators failed to state a claim on which relief could be granted because the provisions of R.C. 3319.10 do not apply to private corporations. Therefore, the trial court's judgment is affirmed.

### I. Facts and Procedural History

{¶ 3} Parallel is a corporation that provides recruitment and staffing services. Relators' Brief 3; Respondent's Brief 2. On December 30, 2019, Relators filed a petition for a writ of mandamus, which was amended on April 22, 2020.[1] In their amended

---

[1] Relators moved for leave to file an amended petition on February 27, 2020, and the trial

petition, Relators allege that "[o]n or about January 1, 2015," the Dayton Public Schools Board of Education "entered into a contract with Parallel for the principal purpose of [obtain]ing substitute * * * teachers," after which Relators were employed as substitute teachers to work in public schools in the Dayton Public School District during the 2014-2015 school year, the 2015-2016 school year, or both. Amended Petition 2-3.[2] Relators claim that Parallel thereafter "failed to [satisfy its] clear legal duty" to compensate them in accord with R.C. 3319.10 by refusing to grant "sick leave, visiting days, and other local privileges" to which teachers were entitled under the version of the Master Contract Between the Dayton Education Association and the Dayton City School District that was in effect at the time, as well as by paying them less than the minimum salary specified in the master contract. See Amended Petition 3.

{¶ 4} Parallel filed a motion to dismiss Relators' amended petition on May 27, 2020, arguing that the trial court lacked subject matter jurisdiction; that Relators had failed to state a claim on which relief could be granted; and that Relators had failed to join a necessary party. In its judgment of June 16, 2020, the trial court sustained Parallel's motion and dismissed Relators' amended petition pursuant to Civ.R. 12(B)(6). Entry and Order Sustaining Respondent's Motion to Dismiss 4-5, June 16, 2020 [hereinafter Judgment Entry]. Relators timely filed a notice of appeal on July 14, 2020.

## II. Analysis

{¶ 5} For their single assignment of error, Relators contend that:

---

court sustained the motion on April 22, 2020.

[2] We cite the amended petition by page number, rather than by paragraph number.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DISMISSED APPELLANTS' COMPLAINT (PETITION) FOR [A] WRIT OF MANDAMUS.

{¶ 6} The trial court dismissed Relator's petition because "R.C. [Chapter] 3319 do[es] not apply to a private corporation such as Parallel," or in other words, because only "a public official or agency" could have an obligation to Relators under R.C. Chapter 3319. *See* Judgment Entry 4. Relators argue that the trial court misconstrued "the statutory requirements for a writ of mandamus" and based its judgment on "two mistaken premises: (1) that only a 'private right' is at stake in this matter; and (2) that an action for mandamus [does] not lie against a private corporation." Relators' Brief 5-6. Citing R.C. 3319.10, Relators maintain that they "have a clear right to the performance of a public duty ow[ed] to them," and citing R.C. 2731.01, they maintain that Parallel is responsible for the performance of the duty "as the delegee" of the Dayton Public Schools Board of Education. *Id.* at 6.

{¶ 7} Under Civ.R. 12(B)(6), a motion to dismiss for failure to state a claim upon which relief can be granted "is [a] procedural [motion that] tests the sufficiency of [a] complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). When a court reviews a motion to dismiss, it "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." (Citations omitted.) *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). The movant "may not rely on allegations or evidence outside the complaint." *Hanson* at 548.

{¶ 8} For a "trial court to dismiss a complaint under Civ.R. 12(B)(6) * * *, it must

appear beyond doubt that the plaintiff can prove no set of facts * * * that would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), and *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14; *see also Sacksteder v. Senney*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452, ¶ 35-46. The standard for dismissal under Civ.R. 12(B)(6) is consistent with Civ.R. 8(A), which requires that a complaint "contain * * * a short and plain statement of the claim [or claims] showing that the [plaintiff] is entitled to relief." *See City of Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Appellate "review of a trial court's decision [on a motion] to dismiss * * * is de novo." *McKinley* at ¶ 12.

{¶ 9} In their petition, Relators requested a writ of mandamus. R.C. 2731.01 defines mandamus as "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." To be entitled to the issuance of a writ of mandamus, Relators would have to "establish [that they have] a clear legal right to [be compensated pursuant to R.C. 3319.10], a corresponding clear legal duty on the part of [Parallel] to provide [them with such compensation], and [that they] lack * * * an adequate remedy in the ordinary course of the law." *State ex rel. Brown v. Lemmerman*, 124 Ohio St.3d 296, 2010-Ohio-137, 921 N.E.2d 1049, ¶ 9, citing *Turner v. Eberlin*, 117 Ohio St.3d 381, 2008-Ohio-1117, 884 N.E.2d 39, ¶ 6. Relators allege that they have a clear legal right to the compensation specified in R.C. 3319.10; that Parallel, as their employer while they worked as substitute teachers, has a clear legal duty to

compensate them as directed by the statute; and that they "have no plain and adequate remedy at law," leaving mandamus as their only recourse. *See* Amended Petition 2-4.

{¶ 10} The trial court did not determine whether R.C. 3319.10 applies to Relators, although the court seems to have assumed that the statute would have been applicable if Relators had been employed directly by the board of education. *See* Judgment Entry 4. R.C. 3319.10 states, in relevant part, that a "teacher employed as a substitute with an assignment to one specific teaching position shall[,] after [60] days of service[,] be granted sick leave, visiting days, and other local privileges granted to regular teachers[,] including a salary not less than the minimum salary on the current adopted salary schedule."[3] Relators claim that they should have been compensated accordingly because each of them was "assign[ed] to one specific teaching position for more than [60] days." Amended Petition 2.

{¶ 11} Given that the trial court dismissed Relators' petition under Civ.R. 12(B)(6), we likewise assume, without determining, that if Relators had been employed directly by the board of education, they would have been entitled to the compensation specified in R.C. 3319.10. *See State ex rel. Antonucci v. Youngstown City School Dist. Bd. of Edn.*, 87 Ohio St.3d 564, 565-566, 722 N.E.2d 69 (2000). Relators, however, have not shown either that Parallel has a clear legal duty to compensate them pursuant to R.C. 3319.10, or that they lack an adequate remedy in the ordinary course of law.

---

[3] As "used in [R.C.] 3319.08 to 3319.18," the term " '[t]eacher' means all persons licensed to teach and who are employed in the public schools of this state as instructors, principals, supervisors, superintendents, or in any other educational position for which the state board of education requires licensure under [R.C.] 3319.22 to 3319.31 * * *." R.C. 3319.09. Relators aver that they "are 'teachers' [for purposes of R.C.] 3319.09 and 3319.10." Amended Petition 2.

{¶ 12} In their brief, Relators posit that Parallel clearly owes them a duty because the Dayton Public Schools Board of Education delegated its authority to hire substitute teachers to Parallel, meaning that Parallel " 'stands in the [board's] shoes.' " Relators' Brief 11. Relators argue that the board, in effect, thereby delegated not only its authority to hire substitute teachers, but also its obligation under R.C. 3319.10 to compensate substitute teachers. *Id.* at 7 and 11. Relators cite R.C. 2731.01 in support of their argument, emphasizing that the statute defines mandamus in terms of a duty " 'resulting from an office, trust, or station,' " as opposed to a duty that "necessarily * * * resides within [a] particular 'office, trust, or station.' " (Emphasis omitted.) Relators' Brief 7, quoting R.C. 2731.01.

{¶ 13} Parallel argues, in response, that R.C. Chapter 3319 invests boards of education with essentially exclusive "authority over [s]uperintendents, [t]eachers and [e]mployees" of public schools. *See* Respondent's Brief 8. Among other examples, Parallel notes that under R.C. 3319.07(A), boards of education "shall employ the teachers [in] the public schools of their respective districts," and under R.C. 3319.08(A), the "board of education of each city, exempted village, local, and joint vocational school district * * * shall enter into written contracts for the employment and reemployment of all teachers." *See id.,* citing R.C. 3319.07(A) and 3319.08(A).

{¶ 14} Having encountered Parallel's argument in the proceedings before the trial court, Relators suggest that the Dayton Public Schools Board of Education "may well have exceeded its statutory authority [by] engag[ing] [Parallel] to provide * * * substitute teachers." Relators' Brief 9. Acknowledging "that a board of education is a 'body politic and corporate, and, as such,' " is capable of suing and being sued, and of " 'contracting

and being contracted with,' " Relators observe that "a board of education [nevertheless] does not enjoy an unfettered right to enter into any contract." Relators' Brief 9, quoting R.C. 3313.17. To illustrate "the tightly drawn parameters of a board's authority" to enter into contracts, Relators cite a series of provisions from R.C. Chapter 3313. *See id.* at 9-10.

{¶ 15} We find that Relators have not established that Parallel clearly owes them a duty to provide compensation pursuant to R.C. 3319.10. Previously, we have held "that an action in mandamus does not lie [against] private parties," but instead " 'will lie [only] to permit a private [person] to compel a public officer to perform an official act where [the officer] is under a clear legal duty to do so.' " *Richardson v. Ohio Bur. of Workers' Comp.*, 2d Dist. Montgomery No. 22556, 2009-Ohio-810, ¶ 8, quoting *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 163, 228 N.E.2d 631 (1967). Although Relators' argument—that the Dayton Public Schools Board of Education effectively delegated its duty under R.C. 3319.10 to Parallel—is not unreasonable, Relators have cited no authority clearly indicating that a private party may be compelled through an action in mandamus to fulfill a duty imposed by statute on a public official or agency, nor have they cited any authority clearly indicating that the board was empowered to delegate its authority to hire substitute teachers or to delegate its obligations under R.C. 3319.10.

{¶ 16} Relators, in other words, have established at most that Parallel might owe them a duty under R.C. 3319.10, but they have not established that Parallel clearly owes them that duty. Moreover, assuming without finding that the Dayton Public Schools Board of Education lacked the statutory prerogative to arrange for Parallel to procure the services of substitute teachers, the arrangement would likely be void, meaning that the

board's purported delegation of authority to hire substitute teachers, and its purported delegation of its duty to compensate those teachers pursuant to R.C. 3319.10, would also be void.

{¶ 17} In addition, Relators have not shown that they lack a remedy in the ordinary course of law. A board of education, under R.C. 3313.17, is "a body politic and corporate, and, as such, [is] capable," among other things, "of suing and being sued, [and of] contracting and being contracted with." (Emphasis added.) Relators argue that they lack any remedy other than mandamus because they have no "contractual relationship [with] the [Dayton Public Schools] Board [of Education]," and because they seek to enforce "not [a] contractual [obligation], but [a] statutory" right, but they have not demonstrated that they could bring no action against Parallel other than an action in mandamus. Furthermore, Relators have not demonstrated that they could bring no action against the board other than an action for breach of contract, or that they could bring no action, other than an action in mandamus, jointly against the board and Parallel.

{¶ 18} For all of the foregoing reasons, Relators have failed to state a claim against Parallel on which the relief they seek could be granted. *Lemmerman*, 124 Ohio St.3d 296, 2010-Ohio-137, 921 N.E.2d 1049, at ¶ 9. Relators' assignment of error is overruled.

### III. Conclusion

{¶ 19} Relators have not established that Parallel clearly owes them a duty to provide compensation pursuant to R.C. 3319.10, or that they lack a remedy in the ordinary course of law. As a result, Relators have failed to state a claim against Parallel on which relief, in the form of a writ of mandamus, could be granted. Therefore, the trial court's judgment of June 16, 2020, is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Susan D. Jansen
Stephanie G. Spanja
Gary Johnson
Jonathan A. Good
Hon. Gerald Parker