THE STATE EX REL. GLASGOW *v.* JONES, REPRESENTATIVE, ET AL.

[Cite as *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788.]

(No. 2007–1411—Submitted June 4, 2008—Decided September 25, 2008.)

## Per Curiam.

{¶ 1} This is an original action for a writ of mandamus to compel a state representative to provide copies of e-mail messages, text messages, and correspondence she sent or received over a general period of time in her official capacity as a representative of the Ohio General Assembly. Because the records request was overly broad and relator has not established his entitlement to the requested extraordinary relief, we deny the writ.

### Background

{¶ 2} Respondent Shannon Jones is the representative for the 67th District in the Ohio House of Representatives. Along with respondent Representative Josh Mandel, she sponsored Sub.H.B. No. 151 ("H.B. No. 151"), which, if enacted, would require certain public investors to divest holdings in companies conducting specified types of business in Iran and Sudan. http://www.legislature.state.oh.us/bills.cfm?ID=127_HB_151.

{¶ 3} Relator, Jeffrey L. Glasgow, is an attorney who alleges that he is a Public Employee Retirement System ("PERS") retiree concerned about the effect of H.B. No. 151 on the earnings of PERS and other public-employee pensions.

{¶ 4} In June 2007, Glasgow requested the following public records from Jones for the period from the date she took office, January 1, 2007, through June 14, 2007:

{¶ 5} "1. All e-mails sent or received by you in your capacity as a State Representative from the date of your service as such Representative, specifically including, but not limited to, any e-mails having as their subject matter Substitute House Bill 151 of the 127th General Assembly or discussions that led to the introduction of Substitute House Bill 151 or any predecessor bill. This request includes any and all deleted e-mails and any e-mails stored on your office computer or on any other computer. This request also includes, but is not limited to, any and all e-mails on private e-mail systems.

{¶ 6} "2. All text messages sent or received by you in your capacity as a State Representative from the date of your service as such Representative, specifically including, but not limited to, any text messages having as their subject matter Substitute House Bill 151 of the 127th General Assembly or discussions that led to the introduction of Substitute House Bill 151 or any predecessor bill and any text messages sent or received by you during committee hearings on such Bill. This

request includes any messages sent or received at any time on either state owned or private cellular communication devices.

{¶ 7} "3. All written correspondence sent or received by you in your capacity as a State Representative from the date of your service as such Representative including, but not limited to, correspondence having as its subject matter House Bill 151 or discussions that led to or have any connection whatsoever with the introduction of Substitute House Bill 151 of the 127th General Assembly."

{¶ 8} Glasgow requested similar records from Mandel.

{¶ 9} Jones interpreted the request addressed to her to be limited to records related to H.B. No. 151 or the general subject of divestiture of investments in Iran and Sudan. In response to the request, Jones provided a box of documents that included 26 printed e-mail messages. The e-mail messages had been sent by citizens to the general e-mail account for the 67th House District. One e-mail chain from Jones's private AOL e-mail account, which was attached as an appendix to a briefing packet for the bill, was also provided to Glasgow. Jones did not, however, provide other e-mail messages from her private account because, at the time, she did not believe that these records could be public records. Jones provided all of her office's files concerning H.B. No. 151 and divestment, including materials that might be privileged.

## Mandamus Case

{¶ 10} On August 1, 2007, Glasgow filed this action for a writ of mandamus to compel Representatives Mandel and Jones to provide the requested records. Following an unsuccessful attempt at mediation, we granted an alternative writ on Glasgow's mandamus claim against Jones and stayed the claim against Mandel in accordance with the Servicemembers Civil Relief Act, Section 522, Title 50 App., U.S.Code. Jones later provided ten more e-mails concerning H.B. No. 151 and the divestment of funds related to Iran and Sudan to Glasgow, which she discovered by asking the chief information officer of the House of Representatives to search her government e-mail account, shannon.jones@ohr.state.oh.us. Glasgow also received from PERS two e-mail messages sent to Jones at her personal AOL account that related to H.B. No. 151, which he implies establishes that Jones failed to turn over all of the requested e-mail messages.

{¶ 11} Pursuant to the alternative writ, Glasgow and Jones submitted evidence and briefs. This case is now before the court upon Glasgow's mandamus claim against Jones.

## Mandamus: General Standards

{¶ 12} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Respon-*

*sible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). "[T]he requirement of the lack of an adequate legal remedy does not apply to public-records cases." *State ex rel. Gaydosh v. Twinsburg* (2001), 93 Ohio St.3d 576, 580, 757 N.E.2d 357.

{¶ 13} The Public Records Act reflects the state's policy that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Consistent with this policy, we construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure of public records. *State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 29.

{¶ 14} Before considering the merits of Glasgow's mandamus claim, it is important to recall certain definitions. " 'Public record[s]' means records kept by any public office * * *.' " R.C. 149.43(A)(1). " 'Public office' includes any state agency" and " '[s]tate agency' includes * * * the general assembly." R.C. 149.011(A) and (B). " 'Public official' includes all officers, employees, or duly authorized representatives or agents of a public office." R.C. 149.011(D).

{¶ 15} The Ohio House of Representatives is a public office, and Representative Jones is a public official subject to R.C. 149.43. As a representative, Jones considers, sponsors, and votes upon legislation and communicates with legislators and legislative staff about pending legislation, with constituents on matters of concern to them, and with citizens who may have an interest in pending legislation.

### Mandamus: Improper Request

{¶ 16} Jones contends that a request for all e-mail messages, text messages, and correspondence sent to and from a public official is not a proper public-records request. More specifically, Jones asserts that (1) e-mail is not a category of records, (2) the request lacks sufficient specificity and particularity to constitute an enforceable request, and (3) the request for correspondence does not match her storage method for those records (i.e., Glasgow asked for correspondence by date, but Jones stores correspondence by constituent name or bill number).

{¶ 17} Glasgow requested broad categories of records (e-mail messages, text messages, written correspondence) sent and received by Jones for the entire time from when she took office until the date of the request. " '[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.' " *State ex rel. Morgan v. New Lexington,* 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 29, quoting *State ex rel. Fant v. Tober* (Apr. 28, 1993), Cuyahoga App. No. 63737, 1993 WL 173743, *1, affirmed in *State ex rel. Fant v. Tober* (1993), 68 Ohio St.3d 117, 623 N.E.2d 1202.

In identifying the records at issue, the Public Records Act "does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government agencies." *State ex rel. Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 624, 640 N.E.2d 174, citing *State ex rel. Zauderer v. Joseph* (1989), 62 Ohio App.3d 752, 577 N.E.2d 444.

{¶ 18} For example, in *Zauderer,* 62 Ohio App.3d at 756, 577 N.E.2d 444, the court held that a request that a police chief, county sheriff, and highway patrol superintendent provide access to "all traffic reports" was improper because it was "first unreasonable in scope and, second, if granted, would interfere with the sanctity of the recordkeeping process itself." And in *State ex rel. Dillery v. Icsman* (2001), 92 Ohio St.3d 312, 314, 750 N.E.2d 156, we held that a request to a police chief for "any and all records generated * * * containing any reference whatsoever to Kelly Dillery" was overbroad and failed to identify that the relator actually wanted only offense and incident reports referring to her.

{¶ 19} Based on this precedent, we hold that insofar as Glasgow broadly sought all of Jones's work-related e-mail messages, text messages, and correspondence during her entire tenure as state representative, his request was improper because it was overly broad. In essence, Glasgow's general request impermissibly sought what approximated a "complete duplication" of Jones's files. Therefore, Jones acted appropriately in restricting her response to Glasgow's request to records related to H.B. No. 151 and the divestiture of investments in Iran and Sudan. We next determine the propriety of Glasgow's mandamus claim insofar as it is narrowed to records concerning these specified topics.

### Records Subject to R.C. 149.43

{¶ 20} The requested e-mail messages, text messages, and correspondence are "records" subject to the Public Records Act if they are "(1) documents, devices, or items, (2) created or received by or coming under the jurisdiction of the state agencies, (3) which serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." *State ex rel. Dispatch Printing Co. v. Johnson,* 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 19; R.C. 149.011(G).

### Mandamus: The Specific Records Requested

{¶ 21} E-mail messages and correspondence are "documents, devices, or items" under the first prong of the definition of "records." More specifically, e-mail messages constitute electronic records under R.C. 1306.01(G) because they are records "created, generated, sent, communicated, received, or stored by electronic means." See R.C. 149.011(G), which includes "an electronic record as defined in section 1306.01 of the Revised Code" as a "document, device, or item" within the definition of "record."

{¶ 22} Second, the e-mail messages and correspondence requested are only those either created or received by Jones in her capacity as a state representative.

{¶ 23} For the final requirement, Jones concedes that e-mail messages created or received by her in her capacity as state representative that document her work-related activities constitute records subject to disclosure under R.C. 149.43 regardless of whether it was her public or her private e-mail account that received or sent the e-mail messages. Cf. *State ex rel. Wilson–Simmons v. Lake Cty. Sheriff's Dept.* (1998), 82 Ohio St.3d 37, 42, 693 N.E.2d 789, fn. 1 (an e-mail message from a public office's e-mail system can be a public record if it documents the organization, functions, policies, decisions, procedures, operations, or other activities of the public office). Based on this concession, we need not address the issue whether an e-mail message sent from or to a private account can be a public record.

{¶ 24} With respect to the types of records requested, the evidence here establishes that if the requested e-mail messages concerning H.B. No. 151 constitute records for purposes of R.C. 149.43, as conceded by Jones, they are subject to disclosure unless otherwise excepted.[1]

{¶ 25} The requested text messages and correspondence, however, are not records. The evidence is uncontroverted that Jones's text messages do not document work-related matters. They are therefore not records subject to R.C. 149.43. *Johnson,* 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 25. In so holding, we need not decide the issue of whether text messages could generally constitute items subject to disclosure under the Public Records Act.

{¶ 26} For the requested correspondence, Glasgow limited his argument in his merit brief primarily to the requested e-mail messages and, to a lesser extent, the requested text messages. Thus, we do not address Glasgow's initial records request for correspondence. *State ex rel. Ohio Gen. Assembly v. Brunner,* 114 Ohio St.3d 386, 2007-Ohio-3780, 872 N.E.2d 912, ¶ 26, fn. 4 (court need not address claim for writ of mandamus that was raised in complaint but was not specifically argued in merit brief).

{¶ 27} Therefore, Glasgow's mandamus claim is restricted to the requested e-mail messages relating to H.B. No. 151. For these records, Jones has established that Glasgow has now received all the e-mail messages relating to H.B. No.

---

1. Our decision in no way restricts a public office from disposing of items, including transient and other documents (e.g., e-mail messages) that are no longer of administrative value and are not otherwise required to be kept, in accordance with the office's properly adopted policy for records retention and disposal. See R.C. 149.351. Nor does our decision suggest that the Public Records Act prohibits a public office from determining the period of time after which its e-mail messages can be routinely deleted as part of the duly adopted records-retention policy.

151 that were sent or received by Jones in her capacity as state representative. Therefore, Glasgow's claim for these e-mail messages is moot. See *State ex rel. Toledo Blade Co. v. Ohio Bur. of Workers' Comp.*, 106 Ohio St.3d 113, 2005-Ohio-6549, 832 N.E.2d 711, ¶ 16 (providing requested records to a relator in a public-records mandamus case moots the claim).

{¶ 28} Because Glasgow is not entitled to the requested extraordinary relief in mandamus, we deny the writ. We thus do not address Jones's additional contention that the requested e-mail messages are excepted from disclosure because she is immune from suit and the e-mail messages are covered by legislative privilege under the Speech or Debate Clause of the Ohio Constitution. See *State ex rel. Sawyer v. Cendroski*, 118 Ohio St.3d 50, 2008-Ohio-1771, 885 N.E.2d 938, ¶ 10 (general rule that court will not issue advisory opinions).

### Attorney Fees and Statutory Damages

{¶ 29} Glasgow requests an award of attorney fees. An award of attorney fees under the applicable version of R.C. 149.43 is not mandatory. *State ex rel. Fox v. Cuyahoga Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 529 N.E.2d 443, paragraph two of the syllabus. "In granting or denying attorney fees under R.C. 149.43(C), courts consider the reasonableness of the government's failure to comply with the public records request and the degree to which the public will benefit from release of the records in question." *Wadd*, 81 Ohio St.3d at 54, 689 N.E.2d 25.

{¶ 30} Because Glasgow's mandamus claim lacks merit, i.e., the request for records other than those related to H.B. No. 151 (because it was overbroad), the request for text messages (because none were work-related), the request for correspondence (because Glasgow abandoned his claim), and the request for e-mail messages (because Glasgow has now received all of those related to H.B. No. 151), he is not entitled to attorney fees. *State ex rel. Musial v. N. Olmsted*, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 38.

{¶ 31} Glasgow is also not entitled to an award of statutory damages under the current version of R.C. 149.43. The amendment became effective on September 29, 2007, and does not apply retroactively to this mandamus case. 2006 Sub.H.B. No. 9; R.C. 1.48.

### Conclusion

{¶ 32} Because Glasgow's request was overbroad and he has not established his entitlement to the requested records, we deny the writ. We also deny Glasgow's request for attorney fees and statutory damages. This case remains pending on Glasgow's mandamus claim against Representative Mandel.

Writ denied.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZING-ER, and CUPP, JJ., concur.

_____

Plank & Brahm and Aaron M. Glasgow, for relator.

Nancy Hardin Rogers, Attorney General, and Sharon A. Jennings and Peggy W. Corn, Assistant Attorneys General, for respondents.