[Cite as *State ex rel. Davis v. Metzger*, 2013-Ohio-1699.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, *ex rel.* | : | JUDGES: |
| JOHN H. DAVIS | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Relator | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | Case No. 12-CA-36 |
| | : | |
| TERRA WOOLARD METZGER | : | |
| AND ELIZABETH KRUG | : | |
| | : | |
| Respondents | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Mandamus Complaint


JUDGMENT:      Dismissed


DATE OF JUDGMENT:      April 25, 2013


APPEARANCES:

For Relator                                        For Respondents

WESLEY T. FORTUNE                    MARC A. FISHEL
421 Hill Road North                        400 S. Fifth Street
Pickerington, OH 43147                   Suite 200
                                                        Columbus, OH 43215

*Farmer, J.*

{¶1} Relator, John W. Davis, has filed a complaint for writ of mandamus requesting this Court issue a writ ordering Respondents Terra Woolard Metzger and Elizabeth Krugh to produce certain personnel records. Respondent has filed an Answer. Relator has filed a Motion for Summary Judgment.

{¶2} On December 13, 2011, Relator filed his first original action in this court seeking a writ of mandamus ordering Respondent Metzger to produce certain public records. In the course of taking Metzger's deposition in that case, Relator discovered certain other records he wanted Respondent to provide to him.

{¶3} On February 8, 2012, and February 9, 2012, Relator served Respondents with two public records requests. Respondent Metzger is the Human Resources Technician for the West Licking Joint Fire District (hereinafter "WLJFD"), and Respondent Krugh is the fiscal officer for the WLJFD. The first request asked for "complete copies of the employee files for yourself [Metzger] and David Fulmer," including "all drafts or final versions" of Fulmer's "present and currently being negotiated" contract. The second request stated:

{¶4} "Pursuant to the agreement we reached during our January 12, 2012 deposition, please provide Mr. Davis with complete copies of the employee and related filed for Peggy Davis. Make sure you include in this request all evidentiary documents considered by Chief David Fulmer, yourself, or any member of the Board between November 1, 2010 and April 1, 2011. These documents must include all e-mails or images thereof and attachments Chief Fulmer or you considered evidence of wrongful acts by Mrs. Peggy Davis. Further, provide any and all 'snapshot(s)' of the e-mail

system between November 1, 2010 and April 1, 2011 of your, Chief Fulmer, or Peggy Davis. Further, please provide a copy of every e-mail or text message you sent to Chief Fulmer between August 1, 2010 and April 1, 2011.

{¶5} "Finally, please provide a copy of every e-mail or text message Chief Fulmer sent to you between August 1, 2010 and April 1, 2011."

{¶6} On February 12, 2012, Respondent notified Relator that Chief Fulmer's draft evaluation had been provided to Relator, and the remainder of the request failed to identify specific documents. On February 16, 2012, counsel for Respondent notified Relator that his request was not proper because it did not specify particular documents. By a second letter dated the same day, counsel for Respondent notified Relator that the WLJFD had contacted its IT provider to sort through and compile emails responsive to the request, which would take some time to compile and review. Further, the letter asked Relator to clarify the meaning of the terms "related files for Peggy Davis" and "snapshots of the email system." On February 24, 2012, Respondent notified Relator that the records had been compiled but it would take some time for legal counsel to review the records.

{¶7} On Friday, April 13, 2012, Respondent notified Relator by email that the records would be available for pick up after 1:00 p.m. on Monday April 16, 2012. The documents were not available on that date, and Relator filed the instant action on April 16, 2012, at 4:00 p.m. The records were provided to respondent on April 25, 2012.

{¶8} Relator asks this court to issue a writ of mandamus compelling Respondents to make the requested public records available in accordance with R.C. 149.43 et seq. Relator also asks for statutory damages, attorney fees and costs.

**{¶9}** Relator filed a motion for summary judgment arguing that he was not provided with the records within a reasonable period of time.

SUMMARY JUDGMENT STANDARD

**{¶10}** The Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639, 1996–Ohio–211, 663 N.E.2d 639 explained the standard for summary judgment: "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

MANDAMUS

**{¶11}** "'Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act.' *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006–Ohio–903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C). The Public Records Act implements the state's policy that 'open government serves the public interest and our democratic system.' *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006–Ohio–1825, 848 N.E.2d 472, ¶ 20. 'Consistent with this policy, we construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure of public records.' *State ex rel. Glasgow v.*

*Jones,* 119 Ohio St.3d 391, 2008–Ohio–4788, 894 N.E.2d 686, ¶ 13." *State ex rel. Perrea v. Cincinnati Pub. Schools,* 123 Ohio St.3d 410, 2009–Ohio–4762, 916 N.E.2d 1049 at ¶ 13.

**{¶12}** In the instant case, Relator was provided with the requested records approximately fifty-four business days after he served Respondent with his request. Relator argues that this was not a reasonable amount of time.

**{¶13}** R.C. 149.43(B)(1) provides in pertinent part:

**{¶14}** "(B)(1) Upon request and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject to division (B)(8) of this section, upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time."

**{¶15}** The statute does not define the term "reasonable period of time." Therefore, the determination of whether the Respondent complied with its duty to provide Relator with the requested documents within a reasonable period of time depends on all of the pertinent facts and circumstances. *State ex rel. Morgan v. Strickland*, 121 Ohio St. 3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶10. R.C. 149.43(A), which exempts certain types of records from disclosure, envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt materials. *Id.* at ¶16.

**{¶16}** In the instant case, Relator's request encompassed a potentially voluminous amount of records which required the cooperation of an IT service to

compile.  The Ohio Supreme Court has held that a request for complete duplication of a government file including all emails and text messages is overly broad:

**{¶17}** "Glasgow requested broad categories of records (e-mail messages, text messages, written correspondence) sent and received by Jones for the entire time from when she took office until the date of the request. '[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.' *State ex rel. Morgan v. New Lexington,* 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 29, quoting *State ex rel. Fant v. Tober* (Apr. 28, 1993), Cuyahoga App. No. 63737, 1993 WL 173743, *1, affirmed in *State ex rel. Fant v. Tober* (1993), 68 Ohio St.3d 117, 623 N.E.2d 1202. In identifying the records at issue, the Public Records Act 'does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government agencies.' *State ex rel. Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 624, 640 N.E.2d 174, citing *State ex rel. Zauderer v. Joseph* (1989), 62 Ohio App.3d 752, 577 N.E.2d 444.

**{¶18}** "For example, in *Zauderer,* 62 Ohio App.3d at 756, 577 N.E.2d 444, the court held that a request that a police chief, county sheriff, and highway patrol superintendent provide access to 'all traffic reports' was improper because it was 'first unreasonable in scope and, second, if granted, would interfere with the sanctity of the recordkeeping process itself.' And in *State ex rel. Dillery v. Icsman* (2001), 92 Ohio St.3d 312, 314, 750 N.E.2d 156, we held that a request to a police chief for 'any and all records generated * * * containing any reference whatsoever to Kelly Dillery' was overbroad and failed to identify that the relator actually wanted only offense and incident reports referring to her.

**{¶19}** "Based on this precedent, we hold that insofar as Glasgow broadly sought all of Jones's work-related e-mail messages, text messages, and correspondence during her entire tenure as state representative, his request was improper because it was overly broad. In essence, Glasgow's general request impermissibly sought what approximated a 'complete duplication' of Jones's files." *State ex rel. Glasgow v. Jones*, 119 Ohio St. 3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶17-19.

**{¶20}** In the instant case, Relator's requests were in effect asking for complete duplication of the WLJFD's files. Respondents requested clarification and kept Relator informed of the process concerning compilation and review of the files. Under the facts and circumstances of this case, we find that the time within which Respondents provided the records was reasonable. Further, as Relator received the records after he filed the instant action, his petition is moot.

**{¶21}** Relator's motion for summary judgment is overruled. Relator's complaint in mandamus is dismissed.

By: Farmer, J.

Hoffman, P. J. and

Wise, J. concur

_s / Sheila G. Farmer_____

_s / William B. Hoffman_____

_s / John W. Wise_____

JUDGES

[Cite as *State ex rel. Davis v. Metzger*, 2013-Ohio-1699.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO, *ex rel.*        :
JOHN H. DAVIS              :
                                 :
       Relator              :
                                 :
-vs-                          :          JUDGMENT ENTRY
                                 :
TERRA WOOLARD METZGER    :
 AND ELIZABETH KRUG       :
                                 :
       Respondents       :          CASE NO. 12-CA-36

For the reasons stated in our accompanying Memorandum-Opinion, the Complaint is dismissed. Costs assessed to Relator.

 

s / Sheila G. Farmer

s / William B. Hoffman

s / John W. Wise

JUDGES