[Cite as *King v. Dept. of Job & Family Servs.*, 2018-Ohio-3478.]

| | |
|---|---|
| DERRICK M. KING | Case No. 2018-00416PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| DEPARTMENT OF JOB AND FAMILY SERVICES | |
| Respondent | |

{¶1} On February 27, 2018, requester Derrick King sent respondent Ohio Department of Job and Family Services (ODJFS) an email containing public records requests for email between 24 pairs of correspondents for a nine-month period. (Complaint, Exhibit A.) On February 28, 2018, ODJFS sent a response by U.S. mail that the requests were overly broad and failed to identify with reasonable clarity the records at issue. ODJFS legal counsel invited King to contact him "to work with you to revise your request so that we can identify the records you seek based on the manner in which records are organized and kept." (*Id.*, Exhibit B.) On March 8, 2018, King filed a complaint under R.C. 2743.75 alleging denial of access to public records by ODJFS in violation of R.C. 149.43(B). Following unsuccessful mediation, ODJFS filed a combined response and motion to dismiss (Response) on June 29, 2018.

{¶2} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13. Claims under

R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

{¶3} The City moves to dismiss for failure to state a claim because 1) the requests do not identify documents that are "records" of ODJFS, and 2) the requests were properly denied as overly broad.

**Motion to Dismiss**

{¶4} Under the abbreviated pleading procedure in this action, *see* R.C. 2743.75(D)(1) and (E)(2), ODJFS' defenses have been filed as a combined response and motion to dismiss in which ODJFS asks the court to both "deny Mr. King's request and dismiss his complaint." As the matter is fully briefed, I find that any basis for dismissal is subsumed in the arguments to deny the claims on the merits. I therefore recommend that the court proceed to determine this matter on the merits.

**Email Can Constitute "Records"**

{¶5} An email message in a public office account readily satisfies the first two prongs of the definition of "record" in R.C. 149.011(G), as a "document, device, or item," that is "created or received by" the office. Like written correspondence, email meets the third and final prong only if it "documents the organization, functions, policies, decisions, procedures, operations, or other activities of the public office." *See Glasgow, supra*, at ¶ 21-23, citing *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.*, 82 Ohio St.3d 37, 42, 693 N.E.2d 789, fn. 1 (1998).

{¶6} ODJFS asserts that King's request for "all email" between named correspondents is invalid on its face because

> [a]n email * * * does not automatically document the organization, functions, policies, decisions, procedures, operations, or activities of a public office, even where that email is sent or received by an employee of that office. * * * Instead, it was Mr. King's responsibility to tailor his request to "records"—as defined by R.C. 149.011(G)—in the possession of ODJFS.

(Response at 6.) In support of this proposition, ODJFS cites only cases where none of the documents within the scope of the request would meet the definition of "records." *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 25-26 (state employee home addresses); *Sandine v. Argyle*, Ct. of Cl. 2017-00891-PQ, 2018-Ohio-1537, ¶ 12-14 (records showing judgment or garnishment against an employee). *See also State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 25, 30 (uncontroverted evidence that none of official's text messages were work-related); *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.*, 82 Ohio St.3d 37, 41-42, 693 N.E.2d 789 (1998) (requested email consisting of racist slurs does not serve to document office policy or procedures).

{¶7} None of the above cases stand for the proposition that a request for public office "email" fails to request "records." To the contrary, in *Wilson-Simmons* at 42, fn. 1, the Supreme Court stated:

> *we reject the sheriff's department's broader assertion that no* public office e-mail would ever be public records under R.C. 149.011(G) and 149.43. In other words, sometimes, public office e-mail can document the organization, functions, policies, decisions, procedures, operations, or other activities of the public office.

*Accord State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 18. Thus, a public office must respond to an otherwise valid request for office email by providing those emails that document the official functions of the office. Where a request for email includes non-record material, the office may withhold or redact the non-record material while releasing all documents or portions that do meet the definition of records. R.C. 149.43(B)(1). ODJFS has presented no evidence that none of the email requested here can be "records," and there is no reason to assume that nine months of email between these employees would not include some that document the official functions of the office. I find that the request is not shown to be invalid for not requesting "records."

**Overly Broad Requests**

> If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request * * *.

R.C. 149.43(B)(2). A request can be overly broad if it requests production of entire categories of records in an office. *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21, 26. *Id.* The *Zidonis* Court found that a request for all email between an employee and her supervisor during her employment was overly broad and improper. *Id.* at ¶ 4, 13, 22, 28-32. In *State ex rel. Glasgow v. Jones*, 119 Ohio St. 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 4-5, 16-19, "Glasgow requested broad categories of records (e-mail messages, text messages, written correspondence) sent and received by" a public official during the five and one-half month period she had been in office. The Court found this request to be overly broad and improper. In *State ex rel. Bristow v. Baxter*, 6th Dist. Erie Nos. E-17-060, E-17-067, E-17-070, 2018-Ohio-1973, ¶ 2, 12-16, the Sixth District Court of Appeals found that requests for all email sent and received by multiple employees, for one-month periods each, was overly broad and improper. This court has found that requests for all email sent and received by six employees for a five-month period was overly broad and improper. *Patton v. Univ. of Akron*, Ct. of Cl. No. 2017-00820PQ, 2018-Ohio-1555, ¶ 2, 9-10.

{¶8} Each of King's requests is identical in form, asking for "copies of all e-mails between" two correspondents, identified by name and an email address, "between the time period of July 1, 2016 and March 31, 2017." The first request is thus for:

> Copies of all e-mails between Cynthia Dungey (Cynthia.Dungey@jfs.ohio.gov) and Theresa Hatton (Theresa.Hatton@oht.ohio.gov) between the time period of July 1, 2016 and March 31, 2017.

Each request covers a substantial time period of nine months. The scope of the requests is not limited by message subject or topic. The phrasing "all e-mails between" the correspondents does not limit responsive email to those where the correspondents are direct sender and direct recipient, but would include email where one was carbon copied or blind copied by the other. The effect of such a request would be to require the office to compile every email in which both correspondents appear in the header, and then withhold or redact email containing personal and other non-record content, and finally perform a separate analysis to withhold or redact content subject to any exceptions to the Public Records Act.

{¶9} I find that these requests are ambiguous and overly broad in asking for an entire category of records rather than describing particular emails in a manner that ODJFS can reasonably identify the records sought. The nine-month time period is greater than that of similar requests found overly broad by Ohio courts. I recommend that the court find that ODJFS properly denied the requests.

{¶10} While I conclude that the overly broad framing of the requests in this case is fatal to their enforcement here, this does not preclude revision and submission of new requests that allow ODJFS to reasonably identify the particular records that King seeks. To this end, the Public Records Act requires parties to cooperate with the goal of identifying the specific records sought while minimizing the burden on the public office. The parties are encouraged to fully utilize the tools provided by R.C. 149.43(B)(2) through (7) in negotiating future requests. King is encouraged to accept ODJFS' offer to work with him to revise his requests based on the manner in which its records are organized and kept. ODJFS is urged to identify the retention schedule categories relevant to the request, and explain the maintenance of and access to its office email. Such cooperation can result in mutually satisfactory revision of overly broad requests, and is favored by the courts. *See State ex rel. Morgan v. Strickland,* 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶15-20.

**Conclusion**

{¶11} Upon consideration of the pleadings and attachments, I recommend the court DENY requester's claim for production of records. I recommend that court costs be assessed to requester.

{¶12} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed July 5, 2018**
**Sent to S.C. Reporter 8/29/18**