[Cite as *Neff v. Knapp*, 2019-Ohio-966.]

| | |
|---|---|
| STACEY A. NEFF | Case No. 2018-01124PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| ORANGE TOWNSHIP TRUSTEE LISA KNAPP | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the Court of Claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶13. Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).

{¶2} In a previous action in this court, requester Stacey Neff sought public records responsive to a September 15, 2017 request to Joel Spitzer, Orange Township Fiscal Officer, for certain communications of Orange County Township Trustee Lisa Knapp:

> 3) any communications from or to Lisa Knapp related to forensic audit, including communications sent to state auditor or private auditing firm

*Neff v. Knapp*, Ct. of Cl. No. 2017-00876PQ, 2018-Ohio-2357, ¶ 1. The special master found in that case that the request was improperly ambiguous and overly broad, but that respondent had nevertheless been able to identify and file five responsive records

under seal. *Id.* at ¶ 12, 14. The court found that no public records exception applied to these records, and ordered respondent to disclose them to Neff. *Id.* at ¶ 14-15, 25; *Neff v. Knapp*, Ct. of Cl. No. 2017-00876PQ, 2018-Ohio-2910. Neff asserted that she believed additional responsive records existed, but did not submit any admissible evidence in support. *Neff v. Knapp*, Ct. of Cl. No. 2017-00876PQ, 2018-Ohio-2357, ¶ 16. Knapp attested that "I have not maintained any other document, in my official capacity, which is 'related to forensic audit, including communications sent to state auditor or private auditing firm.'" *Id.* The special master found that Neff had failed "to show by clear and convincing evidence that additional communications responsive to request No. 3 exist." *Id.* On June 13, 2018, Orange Township Records Custodian Lee Bodnar sent Neff copies of the emails responsive to Request No. 3 that had been filed under seal. (Complaint at 5-11; Response at 12.)

**{¶3}** On June 13, 2018, Neff made a new public records request to Bodnar: "This is a public records request for emails sent from Lisa Knapp TO Perry & Associates in 2016 and 2017." (Complaint at 12.) On June 18, 2018, Bodnar responded that the request was again ambiguous and overly broad. Bodnar invited Neff to revise and clarify the request and offered that Neff could contact him with any questions. (*Id.* at 20.) Neff and Bodnar engaged in further correspondence during which Neff sent Bodnar a list of dates, times, and subjects of purported emails that she sought, and asked, "Could you clarify how the Township stores records for retrieval (specifically, records from Trustee Knapp's gmail)?" (*Id.* at 21-25.) On July 2, 2018, Bodnar advised Neff that:

> The Township does not store its employees' or officials' personal emails, which may, on occasion, serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office. Please understand, I am not suggesting any such emails exist, but am trying to provide a complete response.

(*Id.* at 30.) In response to Neff's further inquiries as to the status of the request, Bodnar stated that "the letter sent to you (July 2, 2018) in this regard served as the appropriate answer to your request" (*Id.* at 42). Bodnar produced no records.

{¶4} On July 26, 2018, Neff filed this action under R.C. 2743.75, alleging denial of access to public records by respondent Lisa Knapp in violation of R.C. 149.43(B). Following unsuccessful mediation, Knapp filed a combined motion to dismiss and response (Response) on October 5, 2018. On October 16, 2018, Neff filed a reply to the response. On November 7, 2018, the special master issued an order directing Knapp to file under seal any responsive records kept at the time of the request and, to the extent Knapp asserted that such records never existed or were deleted, to file an affidavit supporting each such assertion. On December 7, 2018, Knapp filed a responsive pleading and affidavit denying that she is in possession of any responsive records.

**Motion to Dismiss**

{¶5} Knapp moves to dismiss the complaint on the grounds that Neff's request is vague, ambiguous and overly broad, and therefore unenforceable. (Response at 5-7.) In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶6} The initial request covered a time span of two calendar years, and was for correspondence between one trustee and any correspondent in a named company. Bodnar denied the request as ambiguous and overly broad. Neff then clarified that the request included a list of emails allegedly transmitted on specific dates and times, with subject summaries. (Complaint at 23-25.) I find that the initial request of June 13, 2018, was improperly ambiguous and overly broad. However, I find that Neff's clarification that

the request included particularly described communications made it a proper request by which Knapp could reasonably identify what public records were being requested. *See State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 1, 17-24 (a proper request embedded within an otherwise ambiguous or overly broad request may be enforceable). I therefore recommend that the motion to dismiss be GRANTED as to the original request, and DENIED as to the revised request.

**Non-Existent Records**

{¶7} Neff asserts that the emails in her list were transmitted by Knapp to unnamed recipients, that they meet the definition of records of Orange Township, and that they exist in Knapp's personal email account. However, the list is not sworn to by a person with personal knowledge of the existence, provenance, or content of the alleged emails. The affiant asserts only that he received the list from another person who advised him that a list of emails received from Knapp had been compiled by an unnamed subordinate. (*Id.* at 23).[1] This other person's assertions, and the representations in the list, are therefore hearsay. I find that the list cannot be accepted as evidence of the truth of the matters asserted therein, including the existence of particular emails.

{¶8} Neff also relies on statements she avers were made by respondent during mediation sessions in Case No. 2017-00876PQ. (Complaint at 3-4.) Respondent denies that she waived confidentiality or privilege regarding these mediation communications, or that they have been accurately related by Neff. (Dec. 7, 2018 Supp. Response at 2-4, Exhibit A – Knapp Aff.) See R.C. 2710.03, R.C. 2710.07, and L.C.C.R. Rule 22(G). Neff asserts that Knapp did waive confidentiality and privilege through a pleading in Case No. 2017-00876PQ (Oct. 22, 2018 Neff Aff. at ¶ 2-9, attachments at p. 4-21.) In this pleading, Knapp referred generally to her use of a personal email account, and to efforts

---

[1] The list was not hearsay when used merely to frame the terms of Neff's request.

made by the parties during mediation to narrow and respond to Request No. 3. The court made no use of Knapp's referenced communications in its disposition of that case. Nor does the special master rely in this case on Knapp's mediation representations. Any disclosure Knapp made does not prejudice Neff in this proceeding, and the privilege has not been waived under the provisions of R.C. 2710.04(B).

{¶9} Further, the content of Knapp's pleading established only that Knapp has a private email account sometimes used for communication regarding the township, and that Neff's previous request was narrowed during mediation to the point where Knapp could determine that she possessed no responsive records. Knapp's references to mediation communications are not probative of the existence of the listed emails. Even if admitted as evidence, the references would have no material effect on the outcome of this action.

{¶10} Finally, even had Neff established that any of the listed emails existed at an earlier time, Knapp attests that:

> If such emails had existed, they would have been deleted pursuant to p. 3 of Orange Township's RC2, as they would have been considered "General," "Routine," or "Transient" Correspondences. Depending on the subject matter of the email correspondence, Orange Township's Record Retention Schedule does not require me to retain these emails longer than 30 days (Transient), 6 months (Routine Correspondence), or 2 fiscal years (General Correspondence).

(Dec. 7, 2018 Knapp Aff. at ¶ 6.) The most recent date for a listed email is 6/21/2016. Neff's public records request was made on June 13, 2018, more than two years after the dates of all but eight of the listed emails. Knapp does not identify the records retention category into which any of the emails would fall – understandably, if they were properly disposed of and no longer available for her to consult. Thus, even if any of the alleged emails did exist at one time, there is no evidence before the court to determine whether or for how long each was required to be retained.

{¶11} A public office has no duty to provide records that do not exist, or that it does not possess. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9. Knapp attests that:

> I have conducted a thorough review of records, including emails sent from my personal and township email accounts to anyone in particular at Perry and Associates. I am not in possession of any records responsive to Neff's public records requests.

(Dec. 7, 2018 Knapp Aff. at ¶ 6.) Knapp's affidavit is some evidence supporting the non-existence of any responsive records. *State ex rel. Fant v. Flaherty,* 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992). *See also State ex rel. Toledo Blade Co. v. Toledo-Lucas County Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14-15. A requester's mere belief in the existence of records does not constitute the clear and convincing evidence necessary to overcome this denial and establish that responsive documents exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 22-26; *Gooden* at ¶ 8. I find that Neff has not proven by clear and convincing evidence that responsive records existed at the time of her request. *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 13.

{¶12} Neff makes allegations of record concealment and destruction that, if proven, would be actionable in other courts. However, this court has no jurisdiction over violations of the records retention statutes, the remedy for which is provided in R.C. 149.351(B) (Person aggrieved by improper disposition of records may file injunctive and/or forfeiture action in court of common pleas). This court need not determine whether the Township's apparent policy to "not store" it's employee's and officials personal emails, even when they "serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office" (Response at 30), violates its duty to make "such records as are necessary for the adequate and proper documentation of the organization, functions, policies, decisions, procedures,

and essential transactions of the agency and for the protection of the legal and financial rights of the state and persons directly affected by the agency's activities." R.C. 149.40.

**Conclusion**

{¶13} Upon consideration of the pleadings and attachments, I recommend that the court issue an order DENYING requester's claim for production of records.

{¶14} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed February 14, 2019**
**Sent to S.C. Reporter 3/20/19**