[Cite as *The Cincinnati Enquirer v. Cincinnati*, 2019-Ohio-969.]

| | |
|---|---|
| THE CINCINNATI ENQUIRER, A DIVISION OF GANNETT GP MEDIA, INC. | Case No. 2018-01339PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| CITY OF CINCINNATI | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the Court of Claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶13.

{¶2} On April 18, 2018, Reporter Sharon Coolidge made a public records request on behalf of requester Cincinnati Enquirer, a Division of Gannett GP Media, Inc. (Enquirer) to the council members of respondent City of Cincinnati that stated, in pertinent part:

> I am writing to request that you produce communications or correspondence (including e-mails and text messages) between five council members: P.G. Sittenfeld, Greg Landsman, Tamaya Dennard, Wendell Young and Chris Seelbach.

{¶3} The time frame for this request is from Jan. 1, 2018 to April 30, 2018.

(Complaint, Exh. A.) The Enquirer's counsel engaged in follow-up correspondence with the City (*Id.*, Exh. B-D), but no records were produced.

{¶4} On October 5, 2018, the Enquirer filed this action under R.C. 2743.75, alleging denial of access to public records by the City in violation of R.C. 149.43(B). Following mediation that resolved the email portion of the request (Dec. 7, 2018 Entry), the City filed a response and motion to dismiss (Response) on December 17, 2018 regarding the remaining claim for production of text messages.

**Motion to Dismiss**

{¶5} The City moves to dismiss the complaint on the grounds that, 1) text messages of council members on a personal, privately-paid cell phone are not records of the City and are not kept by the City, and, 2) the request is vague and overly broad, and therefore unenforceable. In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

**Text Messages Are Capable of Being Public Records**

{¶6} To constitute a public record subject to the Public Records Act, a document must be a "record" and must be "kept by" the public office at the time of the request. R.C. 149.43(A)(1); *State ex rel. Sch. Choice Ohio, Inc. v. Cincinnati Pub. Sch. Dist.*, 147 Ohio St.3d 256, 2016-Ohio-5026, 63 N.E.3d 1183, ¶ 13. The City argues that text messages on personal, privately-paid cell phones are categorically excluded from the definition of both "records" and "public records." (Response at 3-5.)

{¶7} In *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, at ¶ 20, the Supreme Court stated that:

> The requested e-mail messages, *text messages*, and correspondence are "records" subject to the Public Records Act if they are "(1) documents, devices, or items, (2) created or received by or coming under the jurisdiction of the state agencies, (3) which serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office."

(Emphasis added.) (Citation omitted.) The Court then stated that:

> The evidence is uncontroverted that Jones's text messages do not document work-related matters. They are therefore not records subject to R.C. 149.43. * * * In so holding, we need not decide the issue of whether text messages could generally constitute items subject to disclosure under the Public Records Act.

(Citation omitted.) *Id.* at ¶ 25. In all subsequent decisions known to the court, requests for text messages have been reviewed without any question that they are "records" if they meet the statutory definition. *See e.g. State ex rel. Kesterson v. Kent State Univ.*, Slip Opinion No. 2018-Ohio-5110; *State ex rel. Parisi v. Dayton Bar Assn. Certified Griev. Comm.*, 2017-Ohio-9394, 103 N.E.3d 179 (2nd Dist.); *State ex rel. Philbin v. Cleveland*, 8th Dist. Cuyahoga No. 104106, 2017-Ohio-1031; *State ex rel. Cmty. Journal v. Reed*, 2014-Ohio-5745, 26 N.E.3d 286, ¶ 4 (12th Dist.); *State ex rel. Davis v. Metzger*, 5th Dist. Licking No. 12-CA-36, 2013-Ohio-1699; *State ex rel. Sinchak v. Chardon Local Sch. Dist.,* 11th Dist. Geauga No. 2012-G-3078, 2013-Ohio-1098, ¶ 6; *Narciso v. Powell Police Dep't*, Ct. of Cl. No. 2018-01195PQ, 2018-Ohio-4590, ¶ 32-33.

{¶8} As with public employee communications on paper, voicemail, email, or any other means by which information is recorded on a fixed medium, text messages are merely information vessels that may or may not contain public records. The City points to no inherent functional or legal distinction between email and text messages. The request at issue thus identifies communications that are records if their content meets the definition of "record" in R.C. 149.011(G). As with other media, their content would be analyzed *in camera* if the responsive items were ordered to be filed under seal.

**The Complaint States a Claim That Requested Text Messages are "Records" and "Public Records"**

{¶9} The definition of "records" for purposes of Chapter 149. of the Revised Code is:

> any document, device, or item, regardless of physical form or characteristic, including an electronic record, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

R.C. 149.011(G). The City concedes that text messages meet the first part of the definition as "electronic records." (Response at 4.) However, the City asserts that the Enquirer cannot show that any text message residing on a Cincinnati councilperson's personally owned device can meet the second part of the definition as "created or received by or coming under the jurisdiction of any public office." The City makes the related argument that a text message on a personal device is not "kept by" the public office – part of the definition of a "public record."[1] *Id.* In both arguments, the City claims that items created, received, or kept by a public *official* are not thereby created, received, or kept by the public *office* that they serve.

{¶10} The City does not explain exactly how it creates, receives, or keeps records, other than through its officers and employees. In a related public records context, the Supreme Court stated that "a public office" includes its officers and employees:

> Indeed, a public office cannot function without the employees and agents who work in that office, and records "directly used for protecting or

---

[1] "'Public record' means records *kept by* any public office." R.C. 149.43(A)(1).

> maintaining the security of a public office" must inevitably include those that are directly used for protecting and maintaining the security of the employees and other officers of that office.

*State ex rel. Plunderbund Media, L.L.C., v. Born*, 141 Ohio St.3d 422, 2014-Ohio-3679, 25 N.E.3d, ¶ 20. Likewise, written records exchanged between government employees must inevitably include those transmitted by any medium. I find that the complaint sufficiently asserts a claim for items "created or received by or coming under the jurisdiction of" the City of Cincinnati based on the request for "communications or correspondence (including e-mails and text messages) between" five council members.

{¶11} Although the request here is for items created and received by officials of a public office, I note that records not actually created or received by the public office can meet the second prong by "coming under the jurisdiction of" the office. R.C. 149.011(G). Records coming under the jurisdiction of an office may be obtained either from the public office or from a "person responsible for public records." R.C. 149.43(B)(1) through (9). The "person responsible" for the records may be an official within the public office, *State ex rel. Consumer News Servs. v. Worthington City Bd. of Educ.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 40, or an outside, private entity. *State ex rel. Cincinnati Enquirer v. Krings*, 93 Ohio St.3d 654, 657, 758 N.E.2d 1135 (2001).

{¶12} The City next asserts that the "Complaint should be dismissed because *at least some* of the requested text messages do not document the 'organization, functions, policies, decisions, procedures, operations, or other activities of the office.'" (Emphasis added.) (Response at 5.) This appears to concede that some of the requested text messages do meet the third prong of the definition. Further, the City argues only that the request is overly broad, and does not explain why particular text messages between these officials do not document the activities of the office. (*Id.*) Where responsive records include non-record material, the office may withhold or redact the non-record material while releasing the portions that are records. R.C. 149.43(B)(1). However, as with any withheld record, the City would argue this defense

during review of the case on the merits, based on the evidence. *See State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 11-12; *State ex rel. Beacon Journal Publishing Co. v. Whitmore*, 83 Ohio St.3d 61, 62, 697 N.E.2d 640 (1998). The fact that some responsive text messages may be defended as personal or otherwise non-record does not mean that the Enquirer fails to state a claim for which relief may be granted.

{¶13} The City concludes that "[b]ecause text messages which are sent or received on personal, privately-paid-for cell phones which are further not sent or received by the public official in his or her official capacity are definitionally not "records" under the Public Records Act, the Enquirer's Complaint should be dismissed." (Response at 5.) The City asserts that the responsive text messages were created and received on personal devices. However, the nature or ownership of a storage location does not itself exclude a stored item as a record. As conceded by the responding public official in *Glasgow*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, at ¶ 23:

> [E]-mail messages created or received by her in her capacity as state representative that document her work-related activities constitute records subject to disclosure under R.C. 149.43 regardless of whether it was her public or her private e-mail account that received or sent the e-mail messages.

The City cites no authority to the contrary.

{¶14} If summary dismissal could be granted merely on the assertion that requested communication was conducted or stored on a personal account or device, the City could deny access to records located in an official's home office, personal laptop, personal email account, car trunk, briefcase, or any other personal, privately-paid-for information receptacle. Instead, I find that the statutory definition of public record is broadly inclusive, and does not categorically exclude any physical locations, custodians, or storage devices, regardless of ownership, as places where public records may be found or "kept." Although there is no need for interpretation, I note that the

Public Records Act is to be construed "liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab & Corr.,* Slip Opinion No. 2018-Ohio-5133, ¶ 26.[2]

{¶15} I conclude that in seeking enforcement of a public records request for text messages between named officials of the respondent public office, the complaint states a claim upon which relief may be granted.

### Ambiguous and Overly Broad Request

{¶16} The City next contends that the Enquirer cannot state a claim for which relief may be granted because the wording of the request is unenforceable. The City asserts that the request is improperly ambiguous and overly broad because it contains no limitation on subject matter, does not identify what is meant by "between five Councilmembers," and seeks an entire category of records for a period of four months. (Response at 5-6.)

{¶17} A requester must reasonably identify the particular public records sought, and a request that is ambiguous or overly broad may be denied. R.C. 149.43(B)(2) provides:

> If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request.

It is thus "the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21. Determination of whether an office has properly denied a request as ambiguous or

---

[2] Were it necessary, I would further find that interpreting the language of R.C. 149.011(G) to exclude an item as a "record" based *solely* on where or with whom it is stored would be an unreasonable and absurd result. "We must * * * construe statutes to avoid unreasonable or absurd results." *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 543, 668 N.E.2d 903 (1996); R.C. 1.47(C).

overly broad is based on the facts and circumstances in each case, *Id.* at ¶ 26. The Enquirer's request is for "communications or correspondence (including e-mails and text messages) between five [named] council members" over a period of four months.

{¶18} In *State ex rel. Glasgow v. Jones*, 119 Ohio St. 391, 2008-Ohio-4788, 894 N.E.2d 686, "Glasgow requested broad categories of records (e-mail messages, text messages, written correspondence) sent and received by" a public official during the five and one-half month period she had been in office. *Id.* at ¶ 4-7, 17. The Court found this request to be overly broad and improper. *Id.* at ¶ 16-19. In *State ex rel. Bristow v. Baxter*, 6th Dist. Erie Nos. E-17-060, E-17-067, E-17-070, 2018-Ohio-1973, ¶ 2, 12-16, the Sixth District Court of Appeals found that requests for all email sent and received by multiple employees for one-month periods each was overly broad and improper. This court has found that a request for all email sent and received by six employees for a five-month period was overly broad and improper. *Patton v. Univ. of Akron*, Ct. of Cl. No. 2017-00820PQ, 2018-Ohio-1555, ¶ 2, 9-10. I find that the Enquirer's request in this case is overly broad under the same reasoning found in these decisions.

{¶19} The request covers a substantial period of four months. The scope of the request is not limited by subject. I find that the original request was overly broad in asking for an entire category of records – "communications or correspondence" – rather than describing the particular documents sought in a manner that the City can reasonably identify. "Including e-mails and text messages" merely emphasizes the comprehensive scope of the request, rather than providing a narrower, embedded request. Even the remaining portion of the request would require the City to search through all official and personal text message-capable systems used by the council members for all responsive text messages during the four-month time period, then determine whether to withhold or redact personal and other non-record content, and finally perform a separate analysis of whether any content is subject to exceptions to the Public Records Act. *See generally Gupta v. Cleveland*, Ct. of Cl. No. 2017-00840PQ,

2018-Ohio-3475. I find that the Enquirer's request is improperly overly broad, does not reasonably identify the records sought, and is therefore unenforceable under the Public Records Act.

{¶20} While I conclude that overbreadth is fatal to enforcement of the request as worded, this does not preclude revision and submission of a new request that allows the City to reasonably identify the particular records the Enquirer seeks. To this end, the Public Records Act requires parties to cooperate, with the goal of identifying the specific records sought while minimizing the burden on the public office. The parties are encouraged to fully utilize the tools provided by R.C. 149.43(B)(2) through (7) in negotiating future requests. *See also State ex rel. Morgan v. Strickland,* 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 15-20.

**Failure to Provide Required Information and Opportunity to Revise**

{¶21} In responding to the Enquirer, the City neither denied the request nor provided any information as to the manner in which records are maintained and accessed by the office. Because a public office's initial explanation for denial "shall not preclude the public office or the person responsible for the requested public record from relying upon additional reasons or legal authority in defending an action commenced under division (C) of this section," R.C. 149.43(B)(3), the City is permitted to plead the defense of overbreadth. However, the City became subject to its statutory obligations under R.C. 149.43(B)(2) at that point. Following denial, a public office

> *shall* provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.

(Emphasis added.) This requirement remains vital where, as here, the enforcement proceedings include mandatory court mediation.

{¶22} The statute does not require the office to rewrite the request for the requester, but the office should convey relevant information to support revision of the

request. Options include, but are not limited to: offering to discuss revision with the requester, *Zidonis*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861 at ¶ 4-5, 40, providing the requester with a copy of the office's records retention schedule, *Id.* at ¶ 36, and providing an explanation of how office records are maintained and accessed. *Id.* at ¶ 35. A public office may inform the requester if all or some of the requested records have already been compiled in agency reports, in litigation, or for any other reason, and are thus readily identified and available.[3]

**{¶23}** Having denied the request by raising the defense of overbreadth, the failure of the City to provide information and invite revision constitutes a *per se* violation of R.C. 149.43(B)(2). *State ex rel. ESPN v. Ohio State Univ.*, 132 Ohio St.3d 212, 2012-Ohio-2690, 970 N.E.2d 939, ¶ 10-11. As in *ESPN*, the Enquirer does not ask that respondent be ordered to inform it of the way the City maintains its records, and thus fails to state a claim for relief for this violation. *Id.* at ¶ 12-15.

**Conclusion**

**{¶24}** Upon consideration of the pleadings and attachments, I recommend that the court issue an order granting respondent's motion to dismiss as detailed herein.

**{¶25}** *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

---

[3] An existing compilation of records is a "record" separate and apart from its component records. *State ex rel. Cincinnati Post v. Schweikert*, 38 Ohio St.3d 170, 527 N.E.2d 1230 (1988); *Kish v. City of Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, paragraph one of the syllabus.

Case No. 2018-01339PQ          -11-     REPORT AND RECOMMENDATION

_____
JEFFERY W. CLARK
Special Master

**Filed February 22, 2019**
**Sent to S.C. Reporter 3/20/19**